**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 00-4049

ANIBAL A. PEREZ, a/k/a Herlindo
Blanco,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-99-2)

Submitted: August 29, 2000

Decided: October 10, 2000

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Victoria S. Gonzalez, GONZALEZ & ASSOCIATES, Charlotte,
North Carolina, for Appellant. Mark T. Calloway, United States
Attorney, Kenneth M. Smith, Assistant United States Attorney, Char-
lotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anibal A. Perez appeals his conviction entered on his guilty plea to uttering forged securities in violation of 18 U.S.C. § 513(a) (1994), producing a false identification document in violation of 18 U.S.C. § 1082(a)(1) (1994), and unlawfully re-entering the United States after deportation in violation of 8 U.S.C. § 1326(a) (1994). On appeal, Perez contends that the district court erred in failing to consider sua sponte a downward departure based on the nature of the aggravated felony which triggered a sixteen level increase in Perez's calculated Offense Level. See USSG § 2L1.2(b)(1)(A). Perez also suggests that the district court erred in its assessment of the amount of loss attributable to him as relevant conduct for sentencing purposes. Finding no merit to either of these claims, we affirm Perez's conviction and sentence.

As a threshold matter, our review of Perez's claim that the district court erred in failing to consider a downward departure is limited to a search for plain error by the fact that Perez did not advance this argument before the district court. See United States v. Olano, 507 U.S. 725, 733-34 (1993); United States v. Brewer , 1 F.3d 1430, 1434 (4th Cir. 1993). No error of this magnitude is present in this case because there is no suggestion that the district court was laboring under the mistaken belief that it lacked the authority to depart downward. Cf. United States v. Castillo-Casiano, 198 F.3d 787, 791 (9th Cir. 1999), amended, 204 F.3d 1257 (9th Cir. 2000). Likewise, we conclude that there was no clear error in the district court's calculation of the amount of loss attributable to Perez as relevant conduct. See United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). The record, including the presentence report and Perez's own testimony at sentencing, contained sufficient evidence to show that the amount of loss contained in the presentence report was "part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Mullins, 971 F.2d 1138, 1143-44 (4th Cir. 1992).

2

Neither of Perez's arguments on appeal convince us that the district court committed error at sentencing. Accordingly, Perez's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED